UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

REV. CALVIN WARREN,

    Plaintiff,

v.

GEORGE BUSH, *et al.*,

    Defendants.

2:08-cv-00830-PMP-LRL

**ORDER AND RECOMMENDATION**

The plaintiff has submitted an Application to Proceed *In Forma Pauperis* and a Complaint pursuant to 42 U.S.C. § 1983 (#1). The court finds that the plaintiff is unable to prepay the filing fee. However, the court also recommends that the Complaint be dismissed with prejudice as delusional and frivolous.

**I.**    *In Forma Pauperis* **Application**

Plaintiff Rev. Calvin Warren has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed *in forma pauperis* will be granted pursuant to § 1915(a).

**II.**    **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992) (citation omitted). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest

or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989), *superseded by statute on other grounds as stated in Brown v. Citicorp.*, 1997 U.S. LEXIS 16496, at *3 (N.D. Ill. Oct. 16, 1997). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

Warren alleges that defendants have violated his constitutional rights by putting technology into his body without his consent, attempting to assassinate him, placing snakes on him, and denying him employment and a residence. Warren has alleged these same or similar facts in previous suits, which have all been dismissed. The court finds that these allegations are fantastic, delusional, irrational, and frivolous, and will therefore recommend that the Complaint be dismissed.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint.

IT IS ALSO RECOMMENDED that the Complaint be DISMISSED with prejudice as delusional and frivolous.

DATED this 21st day of July, 2008.

/s/ Leavitt

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**